IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALEXANDER AVILA,** § | Civil Action No. _____ | |
| Plaintiff, § | | |
| § | JURY TRIAL | |
| VS. § | | |
| § | | |
| **GEOVERA ADVANTAGE INSURANCE** § | | |
| **SERVICES,** § | | |
| Defendant. § | | |

**DEFENDANT GEOVERA ADVANTAGE INSURANCE SERVICES'**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, Defendant GeoVera Advantage Insurance Services ("GeoVera Advantage") files its Notice of Removal because this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

**I. PROCEDURAL BACKGROUND**

1. Plaintiff, Alexander Avila ("Avila"), filed the lawsuit numbered 2019-60124 and styled *Alexander Avila, Plaintiff, vs. GeoVera Advantage Insurance Services, Defendant,* in the 165h Judicial District Court of Harris County, Texas (the "State Court Proceeding").

2. GeoVera Advantage files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Proceeding from the 165th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

3. Avila initiated the State Court Proceeding by filing his Original Petition on August 26, 2019, complaining of GeoVera Advantage.

4. Avila served GeoVera Advantage via certified mail sent to Corporation Service Company, on October 3, 2019, and received by Corporation Service Company on October 7, 2019. Pursuant to 28 U.S.C. § 1445(b), GeoVera Advantage files this Notice of Removal within thirty days of receiving service of the summons and a copy of the initial pleading setting forth Avila's claim for relief.

5. This lawsuit involves an insurance claim for alleged damages resulting from Hurricane Harvey. Avila asserts that GeoVera Advantage breached the insurance policy at issue, committed violations of the Texas Insurance Code, and engaged in bad faith in connection with its handling of the claim. GeoVera Advantage denies that it issued the policy in question to Avila and further denies Avila is entitled to any additional policy benefits. GeoVera Advantage further denies any contractual or extra-contractual liability.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

6. Complete diversity of citizenship exists between the parties.

7. Avila is an individual domiciled in the State of Texas. Thus, Avila is a citizen of Texas for diversity purposes.

8. GeoVera Advantage is a Delaware corporation, with its principal place of business in California. Thus, GeoVera Advantage is a citizen of Delaware and of California for diversity purposes, and complete diversity exists between Avila and GeoVera Advantage.

9. Removal is proper because there is and was complete diversity of citizenship between the parties both when Avila filed the State Court Proceeding and when GeoVera Advantage filed this Notice of Removal.

### III. AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Avila failed to comply with Rule 47(c) of the Texas Rules of Civil Procedure, requiring him to assert a category of damages sought. However, Avila asserts in Paragraph 3 of his petition that he intends for discovery to be conducted under a "Level 2" discovery plan. Because Avila pleas for a level two discovery plan, he could only be seeking damages in excess of $100,000, and, therefore, by virtue of his plea for a level two discovery control plan alone, it is facially apparent that the petition seeks damages in excess of $75,000, exclusive of interest and costs. *Compare* TEX.R.CIV.P. 190.2, 190.3, and 169(a). Thus, the "amount in controversy" component of diversity jurisdiction is met. 28 U.S.C. § 1446(c)(2).

### IV. VENUE

11. Venue is proper in the Houston Division of the Southern District of Texas under 28 U.S.C. §1441(a) because this district and division embrace the place the State Court Proceeding was pending before removal.

### V. MATTERS FILED

12. In accordance with 28 U.S.C. §1441(a), copies of all process, pleadings, and orders served upon GeoVera Advantage in the State Court Proceeding are attached to this Notice of Removal. *See* Index of Matters Filed.

13. Pursuant to 28 U.S.C. §1446(d), GeoVera Advantage will promptly give written notice of the filing of this Notice of Removal to all parties and to the clerk of the 165th Judicial District Court of Harris County, Texas.

## VI. J‍ury D‍emand

14. Avila's petition filed in the State Court Proceeding included a jury demand. However, it does not appear that the requisite jury fee was paid. Thus, GeoVera Advantage makes this jury demand.

## VII. P‍rayer

GeoVera Advantage respectfully requests that the State Court Proceeding be removed and placed on the Court's docket for further proceedings. GeoVera Advantage further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

*/s/ Nicholas J. Lanza*
**NICHOLAS J. LANZA**
TBA No. 11941225

4950 Bissonnet Street
Houston, Texas 77401
713.432.9090 (Telephone)
713.668.6417 (Facsimile)
Eservice: eservice@lanzalawfirm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT
GEOVERA ADVANTAGE INSURANCE SERVICES**

**OF COUNSEL:**

**TERESA A. CARVER**
TBA No. 00783825
LANZA LAW FIRM, P.C.
4950 Bissonnet Street
Houston, Texas 77401

713.432.9090 (Telephone)
713.668.6417 (Facsimile)
Email: tcarver@lanzalawfirm.com

**ATTORNEYS FOR DEFENDANT**
**GEOVERA ADVANTAGE INSURANCE SERVICES**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served as described below on the 4th day of November, 2019:

| | |
|---|---|
| John C. Osborne | *via certified mail, rrr* |
| LAW OFFICE OF JOHN C. OSBORNE, PLLC | |
| P.O. Box 460053 | |
| Houston, Texas 77056 | |

_____
**NICHOLAS J. LANZA**