Case 4:19-cv-04326   Document 1-3   Filed on 11/04/19 in TXSD   Page 1 of 8

8/26/2019 2:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36277342
By: Nelson Cuero
Filed: 8/26/2019 2:30 PM

Cause No. _____

| | | |
|---|---|---|
| Alexander Avila, Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GeoVera Advantage Insurance Services | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |

**PLAINTIFF'S ORIGIONAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Alexander Avila, Plaintiff herein, by and through his attorney, John C. Osborne, complaining of GeoVera Advantage Insurance Services, Defendant herein, and would shows as follows, to wit:

**PARTIES**

1. Alexander Avila is an individual residing in Harris County Texas.

2. Defendant, GeoVera Advantage Insurance Services, is an Insurance Company doing business in Texas and may be served by serving its registered agent, Corporate Services Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**DISCOVERY LEVEL**

3. Plaintiff intends for discovery to be conducted under Level 2 Rule 190 of the Texas Rules of Civil Procedure.

**JURISDICITION**

4. This court has jurisdiction over the subject matter of this lawsuit because the damages are within the jurisdictional limits of this court.

**EXHIBIT B**

**VENUE**

5. Venue is proper in Harris county Texas as defendants are doing business in Harris county and the acts complained of occurred in Harris county Texas.

**FACTS**

6. Alexander Avila owns a house in Harris county Texas which is located at 7055 Santa Fe Dr. Houston, Texas 77061.

7. Alexander Avila has insurance covering his home and the contents.

8. On or about August 25, 2017, Hurricane Harvey caused damage to Plaintiff home and contents.

9. Plaintiff contacted Defendant and made a claim for damages. Defendants paid some money to plaintiff for his damages, but they did not pay the entirety of the claim, and thus breached their contract of insurance with plaintiff.

**CAUSES OF ACTION**

10. Each of the foregoing paragraphs is incorporated by reference in the following:

    A. **Breach of Contract**

11. Defendant intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law of duty of good faith and fair dealing.

    B. **Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

12. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article were made actionable by Tex. Ins. Code §541.151

13. Defendants' unfair settlement practice, as described above of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes and unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §5410.060(a)(1).

# EXHIBIT B

14. Defendant's unfair settlement practice, as describe ed above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though the Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and unfair deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendants unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts of applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and deceptive act of practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

16. Defendants; unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and unfair deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4)

17. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act of practice in the business of insurance. Tex. Ins. Code§541.060(a)(7).

18. Defendants' misrepresented the insurance Claim under which it affords Property Coverage to Plaintiffs, by making an untrue statement of material face described above, in violation of Tex. Ins Code §541.061(1).

19. Defendants' misrepresented the insurance Claim under which it affords Property coverage to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Tex. Ins. Code §541.061(2) and Tex. Ins. Code §541.061(3).

C. Noncompliance with Texas Insurance Code: Prompt payment of Claims Statute

20. Plaintiff is entitled to 18% interest and attorney fees under Tex. Ins. Code §542.060 for violating the Texas Insurance Code, Prompt Payment of claims Tex. Ins. Code §542.051 *et. Seq.*

Certified Document Number: 86828992 - Page 3 of 7

EXHIBIT B

21. The Defendant failed to acknowledge receipt of Plaintiffs claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonable believed would be required within the applicable time constraints under Tex. Ins. Code §542.055.

22. The Defendant failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under Tex. Ins. Code §542.056.

23. The Defendant delated the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonable requested and require3d, longer than the amount of time provided for under Tex. Ins. Code §542.058.

### D. Breach of the Duty of Good Faith and Fair Dealing

24. The Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonable investigate and evaluate Plaintiffs claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonable clear.

### E. Knowledge

25. Each of the acts described above, together and singularly, was doing "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

26. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

27. The damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiffs claim in violation of the laws set forth above.

28. For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

Certified Document Number: 86828992 - Page 4 of 7

# EXHIBIT B

29. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, with include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages.  Tex. Ins. Code §541.152.

30. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.  Tex. Ins. Code §542.606.

31. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship. Losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

32. For the prosecution and collection of this claim, Plaintiff has been compelled to engage he services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

33.  Plaintiff hereby demands a trial by jury and tender the appropriate fee.

**DISCOVERY REQUESTS**

34.  Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant s disclose, within 30 days of service of this request, the information or materials described in the Texas Rule of Civil Procedure 194.2(a)-(l).

# EXHIBIT B

**PRAYER**

35. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court side Defendants to appear and answer herein and that Plaintiff have judgement taken against Defendants and recovers from Defendants all damages allowed by law and, that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgement and post judgement interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully Submitted,

**Law Office of John C. Osborne, PLLC**

By: /S/ John C. Osborn

John C. Osborne

SBN: 15333200

P.O. Box 460053

Houston, Texas 77056

Telephone: (713)530.3481

Email: itcprojectfunding@gmail.com

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 86828992 - Page 6 of 7

**EXHIBIT B**

Certified Document Number: 86828992 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 4, 2019

Certified Document Number:        86828992 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

EXHIBIT B